FERRY v. DUNHAM et al.

(Supreme Court, Appellate Division, Third Department. December 3, 1909.)

1. INSANE PERSONS (§ 71*)—SALE OF REAL ESTATE—TITLE OF PURCHASER.

Under Code Civ. Proc. § 2358, providing that a deed in proceedings for the sale of real estate of incompetents shall have the effect of a deed executed by a competent person, a mother purchasing at a sale pursuant to the statute the real estate which descended from her deceased husband to two incompetent children acquires the title subject to the mortgage executed by her for the price, and under her will, devising the property to her children equally, a child took an undivided half of the property, subject to the mortgage.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 121; Dec. Dig. § 71.*]

2. INSANE PERSONS (§ 71*)—SALE OF REAL ESTATE—TITLE OF PURCHASER.

An intestate left a widow and two incompetent children. In proceedings under the statute, the estate which descended to the children was sold to the widow, who simultaneously with the sale gave a mortgage for the price. One of the children subsequently died intestate and without issue. *Held* that, as the deed and mortgage were a single transaction, the widow only acquired the equity of redemption, and under Code Civ. Proc. § 2359, providing that a sale of the real estate of incompetents shall not give them any other or greater interest in the proceeds of the sale than they had in the property, the mortgage must be deemed real estate, and, to the extent of the mortgage, the proceeds of the real estate must be treated as never having belonged to the widow, and the right of succession was not changed.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 121; Dec. Dig. § 71.*]

Appeal from Trial Term, Saratoga County.

Action by Viola H. Ferry against Flora M. Dunham and others. From an interlocutory judgment providing for the distribution of the surplus on a sale of mortgaged property, plaintiff and certain defendants appeal. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Edgar T. Brackett, Hiram C. Todd, and W. P. Butler, for appellants.

Waterman & Waterman, Forrest K. Moreland, Leslie M. Saunders, and Frank L. Scott (Robert E. Waterman, of counsel), for respondents.

COCHRANE, J. The question we are asked to determine is whether an undivided one-half of the property in question was devised to Gertrude M. Dyer by her mother, as claimed by the appellants, or descended to her from her father, as claimed by the respondents. On the determination of this question depends the various rights of the parties hereto under section 288 of the real property law (Laws 1896, p. 620, c. 547). Benjamin W. Dyer died intestate in 1877, owning the entire property and leaving him surviving a widow, Clarissa M. Dyer, and two children, Jerome W. Dyer and said Gertrude M. Dyer, his only heirs. Both these children were mentally incompetent from their birth to manage themselves or their property. In 1882 they were judicially declared incompetent, and a committee of their property was appointed. This committee in proceedings duly taken for that purpose pursuant to statute and an order of the court conveyed the real estate to their mother, Clarissa, for the sum of $16,000, and she executed to the committee a mortgage on the property conveyed for the full amount of the purchase price. Shortly thereafter the committee resigned, and the mother of the incompetents became their committee, and the mortgage which she had executed was assigned to her as such committee. She died in 1899 devising the real estate to her two children. Jerome W. Dyer died in 1901 intestate, and without issue leaving his sister, Gertrude M. Dyer, his only heir, and she died in 1906 intestate and without issue. No part of the principal of the mortgage has been paid. On the foregoing facts the trial justice has held that the deed from the committee to Clarissa M. Dyer failed to effect a change in the title of the property, and that the undivided one-half of the property which was devised to Gertrude M. Dyer by her mother must, because of the invalidity of that deed, be deemed to have descended to her from her father as if such deed had not been executed. As to the other undivided one-half, it, of course, descended to her from her brother Jerome, irrespective of the question as to whether or not the deed of the committee was effectual, and no question in respect thereto arises in this action.

The proceeding to convey the real estate of the incompetent persons which resulted in the deed from their committee to Clarissa M. Dyer was regular and in conformity with the statutory provisions un-

der which the proceeding was had. The consideration of the convey-
ance represented the full value of the property. No fraud was prac-
ticed on the incompetent persons, and as between them and the pur-
chaser a valid title was transferred. Section 2358 of the Code of Civil
Procedure declares that such a deed has the same validity and effect
as if executed by the person in whose behalf it was executed, and
as if the incompetent person was of sound mind and competent to
manage his affairs. There is no evidence that the purpose of that
transfer was collusive, or that the same was intended to effect a change
in the course of the inheritance of the property from the heirs of the
father of the incompetent persons to the heirs of their mother, and,
if such was in fact the effect, it was but the natural and necessary inci-
dent of the sale, which being valid and effectual as to the incompetent
persons was necessarily valid and effectual as to their heirs, and those
claiming to be their heirs. The title to the property therefore vested
in Clarissa M. Dyer, and, under her will, an undivided one-half thereof
was devised to her daughter Gertrude, as claimed by the appellants,
subject, however, to the said mortgage.

But that mortgage is to be deemed real estate the same as if the prop-
erty had not been sold by the committee. Code Civ. Proc. § 2359.
That section further provides that the sale did not give to the incom-
petent persons "any other or greater interest in the proceeds of sale"
than they had in the property sold. The mortgage retained the char-
acter of real estate during the life of the incompetent persons, and is
to be deemed real estate for the purposes of distribution the same as
if it had not been sold. That statutory provision was enacted for the
benefit of the representatives of infants and incompetent persons, and
to prevent a change in the course of succession. Foreman v. Foreman,
7 Barb. 215; Forman v. Marsh, 11 N. Y. 544; Matter of McComb,
117 N. Y. 378, 383, 22 N. E. 1070. Those authorities may not be pre-
cisely in point as to the question here existing, but by analogy they bear
quite pointedly on the principle involved. The deed and the mortgage
constituted a single transaction. They were simultaneous in point of
time. The mother of the incompetents never in fact had any greater
interest in the property than the equity of redemption. So much of the
property as is represented by the mortgage she never paid for, and it
would be manifestly unjust and inequitable to hold that it became her
property in the sense that the right of succession thereof was changed
to her heirs from the heirs of her husband. To the extent of this mort-
gage, therefore, the proceeds of the real estate which will arise from
the sale thereof under the interlocutory judgment herein are to be
treated as never having belonged to the mother of the incompetents,
and to that extent the appellants are not prejudiced by such judgment.

It is doubtful whether there will be any surplus for distribution
above the amount of this mortgage. The trial justice found as a fact
that the present value of the property does not exceed the sum of
$10,000. This finding is challenged, and I find no evidence in its sup-
port. But the mortgage, when executed, represented the full value of
the property, and there is no evidence that it is now worth either more
or less than the amount of the mortgage, except that the dower interest
of the widow has by her death been extinguished. Evidence of value

would perhaps not be satisfactory, and must be more or less problematical. The accurate test of the value will be the sale of the property which must necessarily be had, and which it is in part the object of the action to accomplish. The proper parties are all before the court, and I think that an equitable result will be accomplished by a modification of the interlocutory judgment so as to provide that, if there shall be a surplus on the sale for distribution over and above the amount of the mortgage, one-half of such surplus shall be distributed as having been devised to Gertrude M. Dyer by her mother.

Interlocutory judgment modified so as to provide that one-half of the surplus on the sale of the property for distribution over and above the amount of the mortgage thereon be distributed as having been devised to Gertrude M. Dyer by her mother, and, as so modified, affirmed, with one bill of costs to the appellants and one bill of costs to the respondents payable out of the property. All concur.